John W. BLANKENSHIP, Appellee,

v.

Richard S. SCHWEIKER, Secretary of Health and Human Services, Appellant.

John W. DIXON, Appellee,

v.

Richard S. SCHWEIKER, Secretary of Health and Human Services, Appellant.

Lewis BALLARD, Appellee,

v.

Richard S. SCHWEIKER, Secretary of Health and Human Services, Appellant.

Izola NEIGHBORS, Appellee,

v.

Richard S. SCHWEIKER, Secretary of Health and Human Services, Appellant.

Nos. 80–1019, 81–1752, 81–1777 and 81–1843.

United States Court of Appeals, Fourth Circuit.

Argued Jan. 4, 1982.

Decided April 15, 1982.

Michael E. Winck, Asst. U. S. Atty., Charleston, W. Va. (Wayne A. Rich, Jr., U. S. Atty., Charleston, W. Va., on brief), for appellant.

Brown H. Payne, Charleston, W. Va., for appellees.

Before HAYNSWORTH, Senior Circuit Judge, and PHILLIPS and ERVIN, Circuit Judges.

ERVIN, Circuit Judge:

This action involves four cases consolidated for the purpose of appeal. In each instance the Secretary of The Department of Health and Human Services (Secretary) is challenging the award of attorney's fees by the district court in a black lung disability case. Because the district court did not articulate its reasons for the amount of fees it granted, we vacate the attorney fee awards and remand for specific delineations of the reasons for future awards of fees.

Each of these cases involved black lung disability claimants who were represented at the district court level by the same attorney. All claimants had been denied black lung benefits at the administrative level.[1] On appeal to the United States District Court for the Southern District of West Virginia, the judge granted summary judgment for each of the claimants. The attorney then submitted a fee petition to the court in each case, requesting twenty-five percent of the back benefits awarded to the claimant in accordance with his contract of legal employment.[2] Included on each fee petition was an itemized statement of the hours spent on the case. Only one claimant, Neighbors, objected to granting the attorney the full twenty-five percent.

The Secretary challenged each fee petition in the district court as well as here on appeal. He raises doubts as to the veracity of the statements of hours spent representing the claimants. He asserts that some of the attorney's work was not relevant to the court's decision and that none of the cases presented novel or difficult issues. Each of the summary judgments was on the basis that the administrative finding was not supported by substantial evidence; none of the attorney's filings mentioned this issue. The Secretary contends that the fee awards were unreasonably high and that the district judge abused his discretion by awarding the amount of fees for the quantity of work done.[3]

█ The guidelines for awarding reasonable attorneys' fees in black lung cases were set forth in *Perkins v. Harris*, 628 F.2d 1350 (4th Cir. 1980) (unpublished). In that case we adopted the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). Those factors are: time and labor required;

---

1. Some of the claimants had been represented by the attorney at the administrative level, others had represented themselves or employed other counsel.

2. Three of the claimants entered written contracts of employment with the attorney. Claimant Neighbors had an oral agreement with the attorney but contends that fees were never discussed.

3. For claimant Dixon, the fee petition listed 56½ hours, 19½ of which were for work before the district court. Twenty-five percent of the back benefits would have been $6,697.22; the fee awarded was $6,000.

For claimant Ballard, the fee petition listed 27 hours in connection with the district court. Twenty-five percent of back benefits would have been $6,394.72; the fee award was $5,000.

For claimant Neighbors, the fee petition listed 26½ hours, 16 of which were in connection with the district court. Twenty-five percent of back benefits would have been $6,286.35; the fee award was $4,000.

For claimant Blankenship, the fee petition listed 26 hours in connection with the district court. Twenty-five percent of back benefits would have been $5,818.60; the fee award was $4,000.

novelty and difficulty of questions; preclusion of other employment due to the acceptance of this case; skill required; customary fee; whether fee is contingent or fixed; time limitations imposed upon attorney; amount involved and result attained; experience, reputation, and ability of attorney; undesirability of case; nature and length of professional relationship with client; and awards in similar cases. In *Perkins*, this court went on to note that when the payment of a fee is contingent upon a successful outcome, which is typical in black lung cases, the likelihood of success is of particular importance.

■ Although *McKittrick v. Gardner*, 378 F.2d 872 (4th Cir. 1967) was decided before the *Johnson* factors had been enunciated and adopted, it still provides guidance for the awarding of attorney's fees in this type of case. The emphasis in *McKittrick* was upon the quantity and quality of the attorney's services as well as the contingency of the fee. Using the *Johnson* terminology we read *McKittrick* to emphasize: time and labor required; skill required; contingency of fee; amount involved and result attained; experience, reputation, and ability of attorney; and awards in similar cases. In a given case, of course, any of the other Johnson factors may also be of importance, particularly the novelty and difficulty of questions; time limitations; undesirability of the case; as well as the nature and length of the professional relationship. Unlike the situation in *Anderson v. Morris*, 658 F.2d 246 (4th Cir. 1981), in which an hourly rate was found to be the most viable standard, the typical social security or black lung disability case is represented on a contingency basis and involves an unemployed claimant. The nature of disability cases is

repetitive so that the ability and skill of a more experienced attorney would offset the number of hours put in by one who is not familiar with the applicable statutes and regulations. For the purpose of black lung cases, it is more appropriate to consider all of the applicable factors rather than simply the quantity of labor and a reasonable rate. *Cf. Anderson v. Morris*, at 249.

■ While the peculiar knowledge of the district court makes the trial judge best qualified to determine what amount of fees are reasonable in a given case, that discretion may be abused. *See Barber v. Kimbrell's Inc.*, 577 F.2d 216, 226 (4th Cir. 1978). Not only may the fee be set too high or too low but the district court may consider factors that are not appropriate in setting the fee. *See Anderson v. Morris*, 658 F.2d 246 (4th Cir. 1981). Congress has charged the courts of appeals with the responsibility of reviewing fee awards to determine their reasonableness.[4] *Redden v. Celebrezze*, 370 F.2d 373, 376 (4th Cir. 1966). It is impossible to perform this duty unless the district courts set out the findings that support their conclusions that a particular fee is reasonable. As we stated in *Perkins*, "(w)hat is required is not an empty ritual but thoughtful consideration of the factors, evidenced by findings sufficient to enable us to review the award." *Perkins v. Harris*, 628 F.2d 1350 slip op. at 14 (4th Cir. 1980).

■ Because there is not sufficient evidence to determine whether the district court applied the factors previously mentioned, we have no viable alternative [5] but vacate the fee awards and remand the cases for further consideration. On remand, the district court should apply the considerations mentioned in *Perkins* and *McKittrick*,

---

4. The attorney fee provision of the Social Security Act, 42 U.S.C. § 406(b)(1), is applied in black lung cases through 30 U.S.C. § 923(b).

5. We deny the Secretary's request that we set a reasonable fee at this stage of the proceeding. We lack the familiarity with the proceedings that uniquely qualify the district court to evaluate the attorney's services and weigh the relevant considerations. *See Whitt v. Califano*, 601 F.2d 160, 162 (4th Cir. 1979). Furthermore, we cannot say that the district court abused its discretion until we know what its findings were and how its discretion was applied. Without this information, we cannot

and it should enunciate its findings in the order granting a fee award.[6]

VACATED and REMANDED.

---

quantify what a reasonable fee award would be.

**6.** In each of the four previous orders on the fee petitions, the district court simply found that: "After careful consideration of the petition filed and the argument of counsel, the court is of the opinion that a fee in the amount of $ ... is a reasonable fee for services rendered by (the attorney) in this court." This statement is clearly inadequate to allow appropriate appellate review.