724 F.2d 1094
 3 Soc.Sec.Rep.Ser. 370, Unempl.Ins.Rep. CCH 15,031
Lewis BALLARD, aaf-xj-rakn Appellee,
v.
Richard S. SCHWEIKER, Secretary of Health and Human
Services, Appellant.
Charles COTTLE, Appellee,
v.
Richard S. SCHWEIKER, Secretary of Health and Human
Services, Appellant.
Herman C. GWINN, Appellee,
v.
Richard S. SCHWEIKER, Secretary of Health and Human
Services, Appellant.
Izola NEIGHBORS, cag-qv-cczz Appellee,
v.
Richard S. SCHWEIKER, Secretary of Health and Human
Services, Appellant.
John W. DIXON, Appellee,
v.
Richard S. SCHWEIKER, Secretary of Health and Human
Services, Appellant.
John W. BLANKENSHIP, Appellee,
v.
Richard S. SCHWEIKER, Secretary of Health and Human
Services, Appellant.
Everett A. BRAGG, Appellee,
v.
Richard S. SCHWEIKER, Secretary of Health and Human
Services, Appellant.
Junior L. DUNCAN, Appellee,
v.
Richard S. SCHWEIKER, Secretary of Health and Human
Services, Appellant.
Lawrence H. STOOTS, Appellee,
v.
Richard S. SCHWEIKER, Secretary of Health and Human
Services, Appellant.
Philip H. SWEENEY, Appellee,
v.
Richard S. SCHWEIKER, Secretary of Health and Human
Services, Appellant.
Gladstone CUNNINGHAM, mju-af-hopb Appellee,
v.
Richard S. SCHWEIKER, Secretary of Health and Human
Services, Appellant.
Beulah W. HOUCHINS, Substitute Plaintiff for Ross Houchins,
Deceased, Appellee,
v.
Richard S. SCHWEIKER, Secretary of Health and Human
Services, Appellant.
 Nos. 82-1622 to 82-1627, 82-2141 to 82-2146.
 United States Court of Appeals,
Fourth Circuit.
 Argued Nov. 2, 1983.
Decided Jan. 12, 1984.
 
 Paige Auer Winck, Asst. U.S. Atty., Charleston, W.Va. (David A. Faber, U.S. Atty., Charleston, W.Va., on brief), for appellant.
 Brown H. Payne, Beckley, W.Va., for appellees.
 Before WIDENER and SPROUSE, Circuit Judges.*
 SPROUSE, Circuit Judge:
 
 
 1
 This is a consolidated appeal involving fee awards granted to the attorney who successfully represented eleven claimants in black lung benefit cases, 30 U.S.C. Secs. 921 and 922(a)(1), and one claimant in a social security disability benefit case, 42 U.S.C. Secs. 416(i) and 423. The prevailing claimants were Lewis Ballard, Charles Cottle, Herman C. Gwinn, Izola Neighbors, John W. Dixon, John W. Blankenship, Everett A. Bragg, Junior L. Duncan, Lawrence H. Stoots, Philip H. Sweeney, Gladstone Cunningham, and Beulah W. Houchins. Each claimant was represented in the district court by attorney Brown Hugo Payne.
 
 
 2
 This is the second time we have had occasion to consider most of these awards. In Blankenship v. Schweiker, 676 F.2d 116 (4th Cir.1982), which involved fees awarded to Payne in the Blankenship, Dixon, Ballard, and Neighbors cases, we vacated the fee awards and remanded because the insufficiency of the factual record made it impossible to determine whether the district court had applied the proper standard in calculating the fee awards. In the Bragg, Cunningham, Duncan, Houchins, Stoots, and Sweeney cases, we remanded for reconsideration of the fee awards in light of Blankenship. The fee awards in the Gwinn and Cottle cases were made after the remand in Blankenship and are before this court for the first time.
 
 
 3
 The government contends in this appeal that the trial court abused its discretion in awarding unreasonably high attorney fees and requests this court to determine a proper fee in each case. Finding that the trial court applied the correct standard of law and that its findings of fact were not clearly erroneous, we affirm.
 
 
 4
 The claimants in this case followed a similar path in securing their benefits. Each originally was denied benefits by the Secretary at the conclusion of the administrative processing of his or her claim. Each retained attorney Payne, who filed appeals in the district court between 1974 and 1977, and each claimant ultimately prevailed on summary judgment motions and received monthly disability payments in addition to back pay awards ranging from $19,461 to $42,206.18.
 
 
 5
 After securing a favorable result for each of his clients, Payne petitioned for and received the following attorney fee awards:
 
 
 6
 Blankenship--petitioned for $5,818.60, was awarded $4,000.00
 
 
 7
 Dixon--petitioned for $6,597.22, was awarded $6,000.00
 
 
 8
 Ballard--petitioned for $6,394.72, he was awarded $5,000.00
 
 
 9
 Neighbors--petitioned for $4,924.61, was awarded $4,000.00
 
 
 10
 Bragg--petitioned for $8,711.75, was awarded $6,000.00
 
 
 11
 Cunningham--petitioned for $8,869.75, was awarded $6,000.00
 
 
 12
 Duncan--petitioned for $9,132.25, was awarded $5,000.00
 
 
 13
 Houchins--petitioned for $7,450.77, was awarded $6,000.00
 
 
 14
 Stoots--petitioned for $10,107.70, was awarded $6,000.00
 
 
 15
 Sweeny--petitioned for $5,431.97, was awarded $4,000.00
 
 
 16
 Gwinn--petitioned for $5,927.40, was awarded $4,000.00.
 
 
 17
 Cottle--petitioned for $11,999.12, was awarded $6,000.00.
 
 
 18
 In Blankenship v. Schweiker, supra, and in the Bragg group of cases, this court vacated the attorney fee awards and remanded because the district court had not made specific findings concerning the quality and quantity of Payne's legal work. On remand, the Secretary, represented by the United States Attorney, opposed the amount of attorney fees requested in each case. The district court conducted hearings in which the Secretary introduced the specific pleadings and correspondence which attorney Payne had filed in pursuing the claims in the district court. The government attorney also examined Payne concerning the time he claimed in litigating the Houchins and Dixon cases. The Secretary attempted to establish not only that the times Payne submitted were inflated, but that the quality of his work did not justify the amount of fees which he sought in any of the cases.
 
 
 19
 In oral argument before this court, the Secretary suggested that the district court was inflexible in its view of attorney fees for black lung and social security cases. This inflexibility, the Secretary contends, contributed to the court's erroneous factual findings and its misapplication of the appropriate legal standard in fixing an attorney fee in each case.
 
 
 20
 In Blankenship v. Schweiker, supra, this court articulated a formula for awarding reasonable attorney fees in black lung cases that gives uniformity to fee calculations without defeating the basic purpose of requiring the district court to exercise its discretion in considering each award.
 
 
 21
 Using the Johnson [v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir.1974) ] terminology we read McKittrick [v. Gardner, 78 F.2d 872 (4th Cir.1967) ] to emphasize: time and labor required; skill required; contingency of fee; amount involved and result attained; experience, reputation, and ability of attorney; and awards in similar cases. In a given case, of course, any of the other Johnson factors may also be of importance, particularly the novelty and difficulty of questions; time limitations; undesirability of the case; as well as the nature and length of the professional relationship. Unlike the situation in Anderson v. Morris, 658 F.2d 246 (4th Cir.1981), in which an hourly rate was found to be the most viable standard, the typical social security or black lung disability case is represented on a contingency basis and involves an unemployed claimant. The nature of disability cases is repetitive so that the ability and skill of a more experienced attorney would offset the number of hours put in by one who is not familiar with the applicable statutes and regulations. For the purpose of black lung cases, it is more appropriate to consider all of the applicable factors rather than simply the quantity of labor and a reasonable rate.
 
 
 22
 676 F.2d at 118.
 
 
 23
 On remand, the district court here made either written or orally recorded findings after hearings in each of these cases. In every instance it resolved factual issues that this court in Blankenship directed it to consider. The district court found that attorney Payne had: expended the requisite time and work to achieve a successful result, been precluded from employment in cases in other areas of his general legal practice by his acceptance of black lung and social security disability cases, and accepted the case on a contingency basis pursuant to a contract wherein the claimant agreed to pay Payne twenty-five percent of any past benefits recovery. It further found that the customary fee in such cases was wide-ranging; that Payne was bound by a sixty-day time limitation within which he had been required to file an appeal in district court of the Secretary's administrative denial; that the amount of recovery involved was substantial, including not only past-due benefits but prospective monthly benefits; that Payne's reputation, experience, and expertise were of the highest quality and stature; that the claimants were satisfied with Payne's services and agreed that the fee requested should be paid; that black lung and disability cases are generally undesirable in the legal profession; and that awards it made to Payne in these cases were comparable with awards in other cases that the court considered reasonable.
 
 
 24
 The Secretary contends, however, that the court's findings, although tracking superficially our suggested considerations in Blankenship, in reality only followed perfunctorily a predictable pattern in each case and that its findings of the number of hours in each case were all clearly erroneous.
 
 
 25
 Although we agree with the Secretary that the district court's findings could have been more fully developed, we cannot say that each case was not individually considered. The findings were not models of tailored specificity, but they were made after detailed hearings on each petition. It is also true that Payne, though an attorney, was not a paragon of clarity in responding to questions concerning the detailed time he spent on each case. His apparent distaste for being subjected to examination was, to say the least, unseemly for an attorney availing himself personally of judicial procedures. He has, however, waited for his fees for periods ranging from seven to ten years and some impatience and fading memory perhaps can be understood.
 
 
 26
 We also agree with the government that some of the times listed in various petitions for specific legal chores bear facial indicia of exaggeration. When such indicia appear, the government counsel should, as here, have an opportunity to question the petitioning attorney about the hours claimed. Rather than consider it demeaning, the competent attorney should welcome the opportunity to discuss his past performance. We therefore are troubled by Payne's attitude towards the Assistant United States Attorney in these cases; however, we do not consider this a sufficient basis for finding that the district court abused its discretion in allowing the fee awards.
 
 
 27
 Had we been the district court in this case, we may well have exercised our discretion differently. The fixing of attorney fees, however, is primarily the task of the district court. We have promoted uniform reasonableness in fixing attorney fees by identifying general standards to guide the decisionmaker. Blankenship v. Schweiker, 676 F.2d 116 (4th Cir.1982); Anderson v. Morris, 658 F.2d 246 (4th Cir.1981); Barber v. Kimbrell's, Inc., 577 F.2d 216 (4th Cir.1978); McKittrick v. Gardner, 378 F.2d 872 (4th Cir.1967). The standards are defined in some detail because uniformity and reasonableness of attorney fees are important to the judicial administration of black lung and social security cases. Beyond providing such standards, however, the appellate courts' role in achieving uniformity on a case-by-case basis is limited. It is important that the district court remain primarily responsible for resolving fee disputes, because it is in the better position to evaluate the quality and value of the attorney's efforts. The very discretion basic to the trial court's duties creates results that inevitably differ in degree. An appellate court, however, cannot quarrel with varying results among independently-minded trial judges that merely reflect differences in their individual judgments. We gauge only whether a trial court abuses its proper discretion.
 
 
 28
 The trial court here reviewed all the evidence on fee reasonableness offered by the Secretary and considered her vigorously pursued contention that attorney Payne inflated the amount of time he worked on each case. It then made the findings of facts that we required in Blankenship. We cannot say that those findings are clearly erroneous.
 
 
 29
 AFFIRMED.
 
 
 
 *
 HALL, Circuit Judge, who was originally designated as a member of the panel, recused himself due to his participation in some of these cases as a district judge