Jessie L. ANDREWS, S.S. # 256–56–9994, Plaintiff,

v.

Otis R. BOWEN, M.D., Secretary, United States Department of Health and Human Services, Defendant.

No. C–C–84–178–M.

United States District Court, W.D. North Carolina, Charlotte Division.

July 29, 1986.

Jeffrey L. Bishop, Casey, Bishop, Alexander & Murphy, P.A., Charlotte, N.C., for plaintiff.

Charles Edward Lyons, Asst. U.S. Atty., Charlotte, N.C., for defendant.

## ORDER ALLOWING ATTORNEY'S FEES

McMILLAN, District Judge.

Plaintiff originally was found eligible for disability benefits as of November 15, 1974. On review in 1981, he was found ineligible as of June, 1981. On August 18, 1982, the Appeals Council affirmed the termination of his benefits. He did not appeal.

Through his attorney at that time, plaintiff attempted in 1982 to have the termination decision reopened. He failed.

On March 14, 1983, plaintiff filed a second application for disability benefits. This was denied on November 30, 1983.

On December 16, 1983, plaintiff retained his present counsel, Mr. Jeffrey L. Bishop. Mr. Bishop promptly realized that plaintiff might meet listing section 12.05(C), and arranged for a consultative psychological examination to prove it. In the meantime, to protect plaintiff's appeal rights, he requested the Appeals Council to review the hearing decision denying plaintiff's second claim. That request was denied on January 31, 1984.

When he received the report from the consultative examiner, he moved the Appeals Council to reopen and revise both the January 31, 1984, decision denying plaintiff's second claim and the August 18, 1982, decision finding plaintiff's disability had ended in June of 1981. He also requested that the Appeals Council extend the time for seeking review in the district court of the January 31, 1984, decision until after the council had ruled on the motions to reopen. When no extension was granted, he filed this action on April 5, 1984, in order to prevent the time for seeking review from expiring.

The Secretary did not answer the complaint, but rather moved for a remand for consideration of the additional evidence that Mr. Bishop had submitted in support of the motions to reopen. Mr. Bishop did not oppose this; it was what he sought all along. On July 12, 1984, the court remanded the case to the Secretary.

On remand, the Secretary granted the motions to reopen and revise, and found that plaintiff was entitled to past-due benefits in excess of $40,000. The Secretary withheld payment of $10,093.62 in anticipation of attorney's fees.

Mr. Bishop now petitions the court for approval of a fee for his services at the judicial level. The Secretary has approved a fee of $3,000.00 for his services at the administrative level. Mr. Bishop seeks the remainder, $7,093.62.

The petition for fees was filed on July 9, 1985. On July 15, 1985, the court approved a fee of $5,000.00. On August 15, 1985, the Secretary objected, contending that a fee of more than $200.00 would not be reasonable in light of the time spent by Mr. Bishop before the court. The court denied the motion. The Secretary appealed.

On January 10, 1986, the Secretary and Mr. Bishop jointly moved for reconsideration. The court at this time indicated its willingness to reconsider the fee award, and the parties filed a motion in the Court of Appeals for remand. That motion was granted on May 12, 1986.

On June 25, 1986, at the court's request Mr. Bishop filed in affidavit form a supplement to the original motion for fees. On July 11, 1986, the government responded.

The government now contends that $500 is the maximum reasonable fee.

\* \* \*

Pursuant to 42 U.S.C. § 406(b)(1), the court may allow plaintiff's attorney a "reasonable fee" of up to twenty-five percent of plaintiff's total past-due benefits.

In determining a reasonable fee in this kind of case, the court must at minimum consider six factors:

1. The time and labor required;
2. The skill required;
3. The contingency of the fee;
4. The amount involved and the result obtained;
5. The experience, reputation, and ability of the attorney; and
6. Awards in similar cases.

*Blankenship v. Schweiker,* 676 F.2d 116, 118 (4th Cir.1982).

*Factor 1:* Mr. Bishop's affidavit shows that he spent 1.9 hours in compensable, court-related services. (The eight or more hours spent on fee matters is not compensable. *Whitt v. Califano,* 601 F.2d 160, 161 n. 2 (4th Cir.1979).) In view of the tremendous success achieved, this small amount of time is remarkable.

*Factor 2:* Social security cases in general require considerable knowledge of the statute, the regulations and grids, of medical terminology and documentation, and of an ever-burgeoning body of case law.

In this particular case, extra skill was required in order to induce the Social Security Administration to reopen the plaintiff's cases. Counsel, at the administrative level, effectively accumulated the medical evidence he needed to show that plaintiff was improperly terminated originally and improperly denied benefits in 1983. He then wisely filed suit in this court to preserve plaintiff's rights.

When the Secretary caved in and agreed to reconsider plaintiff's case in light of the new evidence, Mr. Bishop, who had sought that all along, consented.

Mr. Bishop therefore accomplished a great deal by simply filing suit. That does not lessen the achievement.

The skill in this case was in knowing exactly what to do procedurally to force the Secretary's hand. Another attorney had tried and failed.

*Factor 3:* Mr. Bishop's fee was contingent on success.

*Factor 4:* A very great deal was at stake in this case. Plaintiff and his dependents are entitled to past-due benefits in excess of $40,000. In addition, plaintiff and his dependents will continue to receive monthly benefits for an undetermined time in the future. Success was complete.

*Factor 5:* Mr. Bishop received his bachelor of arts from Rice University in 1972, and his doctor of law degree from Duke University in 1975. He has practiced law since 1975, appearing as counsel in various administrative tribunals, in the Superior and District Court Divisions of the North Carolina General Court of Justice, in the North Carolina Court of Appeals, in the North Carolina Supreme Court, in the United States District Courts for the Western and Middle Districts of North Carolina, and in the Fourth Circuit Court of Appeals. A large part of his practice is devoted to social security claims.

*Factor 6:* This court has awarded fees pursuant to 42 U.S.C. § 406(b)(1) many times before. Some recent examples in which the attorney was retained by the claimant on a contingency basis are:

*Haigler v. Heckler,* C–C–83–285–M, in which the plaintiff got back-benefits of $9,845.00; the attorney put in 18.5 court-related hours; and the fee award was $2,256.00.

*Camp v. Heckler,* C–C–83–261–M, in which the plaintiff got back-benefits of $25,536.60; the attorney put in 35.25 court-related hours; and the fee award was $5,000.00.

*Gabriel v. Heckler,* C–C–83–178–M, in which the plaintiff got back-benefits of $12,129.50; the attorney put in 19 court-re-

lated hours; and the fee award was $2,425.90.

*Gladden v. Heckler,* C–C–83–43–M, in which the plaintiff got back-benefits of $18,843.68; the attorney put in 13.75 court-related hours; and the fee award was $2,000.00.

*Lotharp v. Heckler,* C–C–84–262–M, in which the plaintiff got $10,835.00 in back-benefits: the attorney put in 8.5 court-related hours; and the fee award was $2,000.00.

*Stanton v. Heckler,* C–C–84–289–M, in which the plaintiff got $665.00 in back-benefits; the attorney put in 19 court-related hours; and the fee award was $166.25.

*Hill v. Heckler,* C–C–84–319–M, in which the plaintiff got $14,974.80 in back-benefits; the attorney put in 20 court-related hours; and the fee award was $2,750.00.

*Glover v. Heckler,* C–C–84–395–M, in which the plaintiff got $20,995.00 in back-benefits; the attorney put in 19 court-related hours; and the fee award was $3,500.00.

*Thacker v. Bowen,* ST–C–84–188, in which the plaintiff got $30,340.40 in back-benefits; the attorney put in 10.8 court-related hours; and the fee award was $2,589.00.

*Croutch v. Bowen,* C–C–84–376–M, in which the plaintiff got $11,478.79 in back-benefits; the attorney put in 14 court-related hours; and the fee award was $2,599.00.

*Godfrey v. Bowen,* C–C–84–604–M, in which the plaintiff got $17,089.00 in back-benefits; the attorney put in 7 court-related hours; and the fee award was $2,000.00.

The government's contention that Mr. Bishop should receive only $500.00 for his part in plaintiff's case before this court is untenable. This argument is based solely on the number of hours Mr. Bishop spent before the Court. The government essentially argues that other factors should be disregarded. The government argues that it is unfair *to the plaintiff* to allow Mr. Bishop a fee which (looking at time alone) would amount to $2,500 per hour.

The government overlooks the fact that plaintiff *agreed* that Mr. Bishop should receive 25% of plaintiff's recovery, and that, *at the time of the agreement,* the chance of any recovery at all, much less of having the August, 1981, decision reversed, looked very dim indeed. It is disinguenuous for the government to argue now that the fee arrangement is improper.

In addition, the number of hours spent by an attorney on a case is only one factor for the court to consider. Mr. Bishop might well have refused plaintiff's case. Another attorney had already failed with it, and had Mr. Bishop refused the case, it is quite possible plaintiff's improper termination and denial would never have been corrected. But Mr. Bishop took the case despite the bleak outlook, and achieved amazing success. The small number of hours actually spent does not lessen what is "reasonable." Indeed, "the most critical factor [in fixing fees] is the degree of success obtained." *Hensley v. Eckerhart,* 461 U.S. 424, 436, 103 S.Ct. 1933, 1941, 76 L.Ed.2d 40 (1983); *City of Riverside v. Rivera,* —— U.S. ——, ——, 106 S.Ct. 2686, 2698–700, 91 L.Ed.2d 466 (Powell, J., concurring), 4854 (Rehnquist, J., dissenting) (June 30, 1986). The success in this case was complete. Even at $5,000.00, the court is allowing Mr. Bishop considerably less than he and plaintiff bargained for.

Mr. Bishop did the plaintiff a great service. Without that service, plaintiff probably would have recovered nothing of the defendant and would not be receiving disability benefits today. Courts must carefully consider the deterrent effect that whittling down fee agreements would have on whether future plaintiffs can find lawyers to take their cases. It would not serve the remedial intent of Congress if the court should arbitrarily limit counsel's fee to some multiple of the number of hours he spent on the case. In slightly less than two hours, he accomplished more than some attorneys in some cases do in hundreds.

IT IS THEREFORE ORDERED that the Secretary of Health and Human Services

shall pay to plaintiff's counsel the sum of $5,000.00 as reasonable attorney's fees.