818 F.2d 28
 Unempl.Ins.Rep. CCH 17,314
Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Jessie L. ANDREWS, Plaintiff--Appellee
v.
Otis R. BOWEN, Secretary, Department of Health and Human
Services, Defendant-- Appellant.
 No. 86-1689.
 United States Court of Appeals,
Fourth Circuit.
 Argued April 7, 1987.
Decided April 30, 1987.
 
 Before WINTER, Chief Judge, ERVIN, Circuit Judge and ANDERSON, United States District Judge for the District of South Carolina, sitting by designation.
 Pamela Gerr, Office of the General Counsel, Social Security Division, Department of Health and Human Services (Charles R. Brewer, United States Attorney; Donald A. Gonya, Chief Counsel for Social Security; Randolph W. Gaines, Deputy Chief Counsel for Social Security Litigation; A. George Lowe, Chief, Disability Litigation Branch on brief) for appellant.
 Jeffrey Lynn Bishop (Casey, Bishop, Alexander & Murphy, P. A. on brief) for appellee.
 PER CURIAM:
 
 
 1
 The district court awarded counsel for Jessie L. Andrews a fee of $5,000 for his services in a social security case in which counsel was successful in reinstating his client's right to past-due disability benefits amounting to approximately $40,000 and to future benefits. Counsel had also been awarded $3,000 for his services at the administrative level in proceedings before the Secretary. The Secretary appeals the award for services before the district court. We vacate the award and direct that counsel be awarded $2,500.
 
 
 2
 In a prior appeal, after the district court had awarded $5,000 initially and on reconsideration, the parties stipulated that the case should be remanded to the district court to reassess its fee and make the express findings required pursuant to Blankenship v. Schweiker, 676 F.2d 116, 117-119 (4 Cir. 1982). Purporting to make those findings, the district court again awarded $5,000.
 
 
 3
 We think that the findings of the district court were deficient because it never found the hourly rate prevailing in the area in which counsel practiced for a lawyer of Andrews' attorney's qualifications and experience. See Pennsylvania v. Delaware Valley Citizens Association --U.S. ---, 106 S.Ct., 3088 (1986); Blum v. Stenson, 465 U.S. 886 (1984); Hensley v. Eckerhart, 461 U.S. 424 (1983). Ordinarily this is a starting point for the computation of fair and adequate compensation. It is significant here because it is established that Andrews' counsel expended only 1.9 hours in the proceedings before the district court on the merits of Andrews' claim.
 
 
 4
 A proper hourly rate may be enhanced in the exceptional case, and the instant case is an exceptional one. Before present counsel was engaged, the case had been twice lost by other counsel, and we think that only the skill, experience and knowledge of present counsel made possible a complete victory for Andrews in what was otherwise unsuccessful litigation. Nonetheless enhancement will not support an award of $5,000. Because the district court has thrice repeated this award, we think it appropriate to fix a fee ourselves and to bring to an end this continuing litigation and the investment of time, energy, and judicial resources in carrying it on. We therefore vacate the award, remand the case, and direct that counsel be aawarded $2,500.
 
 
 5
 VACATED AND REMANDED.