**Salomon VELASQUEZ, Petitioner,**

v.

**DIRECTOR, OFFICE OF WORKER'S COMPENSATION PROGRAMS, United States Department of Labor, Respondent.**

No. 86–1120.

United States Court of Appeals, Tenth Circuit.

Dec. 21, 1987.

Jeffrey J. Bernstein, for U.S. Dept. of Labor, and with him on the briefs, George R. Salem, Sol. of Labor, Donald S. Shire, Associate Solicitor, J. Michael O'Neill, Counsel for Appellate Litigation, Thomas L. Holzman, Asst. Counsel for Appellate Litigation, Attorneys for Director, Office of Worker's Compensation Programs, U.S. Dept. of Labor, Washington, D.C.

Ellen Pinnes, Santa Fe, N.M., for petitioner Salomon Velasquez.

Before HOLLOWAY, Chief Judge, ANDERSON, Circuit Judge, and BROWN, Senior District Judge.*

WESLEY E. BROWN, Senior District Judge.

This is an appeal from a decision of the Department of Labor Benefits Review Board. The Review Board modified an award of black lung disability benefits to Salomon Velasquez. The Board changed the entitlement date for payment of Velasquez' benefits from January 1, 1974, to March 24, 1978. Velasquez appeals the decision of the Review Board under the authority of 33 U.S.C. § 921(c), and asks this court to restore January 1, 1974, as the proper entitlement date for payment of his benefits.

I

Petitioner Salomon Velasquez filed an application for black lung disability benefits in 1972. (*See generally* Black Lung Benefits Act, 30 U.S.C. §§ 901–945.) His claim was denied by the Social Security Administration in December, 1974. On March 24, 1978, Velasquez requested that his claim be reviewed by the Department of Labor (DOL). The DOL denied Velasquez' claim on February 11, 1981.

Velasquez then requested a formal hearing on his claim, and on October 18, 1982, a hearing was held before an Administrative Law Judge (ALJ). The ALJ found that Velasquez was entitled to disability benefits beginning from April, 1972. The Director for the Office of Worker's Compensation Programs then filed a motion for reconsideration. In his motion, the Director stated that Department of Labor regulations precluded an award of benefits for any period prior to January 1, 1974. The ALJ then amended his order by moving Velasquez' entitlement date to January 1, 1974.

The Director filed an appeal from this decision to the DOL Benefits Review Board. The Board upheld the award of benefits to Velasquez, but again modified Velasquez' entitlement date, this time from January 1, 1974, to March 24, 1978. Velasquez now appeals the Review Board's modification of his entitlement date.

II

The regulation governing the issue in this case is 20 C.F.R. § 727.302(d)(1), which provides:

In the case of a miner's claim which is reviewed and finally approved under § 727.107, benefits shall be payable for all periods of eligibility beginning with the month of onset of total disability due to pneumoconiosis [1] or January 1, 1974,

---

* Honorable Wesley E. Brown, Senior Judge, United States District Court for the District of Kansas, sitting by designation.

1. "Pneumoconiosis" is defined in the regulations as: "[A] chronic dust disease of the lung and its sequelae, including respiratory and pulmonary impairments, arising out of coal mine employ-

whichever is later. Where the evidence does not establish the month of onset, benefits shall be payable from the month during which the miner elected review under § 727.104.

In its decision to vacate the January 1, 1974, entitlement date, the Review Board stated: "[W]e hold that the date of onset of claimant's disability be modified to March 24, 1978. In cases initially denied by the Social Security Administration and subsequently approved by the Department of Labor, such as this case, benefits shall be payable from the month during which claimant elected review under 20 C.F.R. § 727.104. 20 C.F.R. § 727.302(d)(1)." The Review Board apparently interpreted 20 C.F.R. § 727.302(d)(1) as requiring that the entitlement date in *all* cases be set as of the month during which the miner elected review of his claim. We disagree with this interpretation of the regulation.

It is apparent from reading the regulation that benefits may not be awarded for any period prior to January 1, 1974. Accordingly, where the evidence establishes eligibility prior to January 1, 1974, the proper entitlement date is January 1, 1974. Only in the case where the evidence does not establish the onset of disability will the entitlement date be "from the month during which the miner elected review."

At the administrative hearing, the ALJ originally determined that Velasquez' entitlement date should be April, 1972. In light of the limitation in § 727.302 of the regulations, he moved the entitlement date to January 1, 1974. On appeal, the Review Board moved the entitlement date to the month in which Velasquez elected review (March, 1978), without considering whether the evidence supported a finding of earlier eligibility for benefits. Consequently, we must examine the record to determine whether there was sufficient evidence to support an award of disability benefits from January 1, 1974.

## III

It is not this court's function on review to weigh and resolve conflicts in the evidence. Rather, our review is limited to determining whether the ALJ's decision was supported by substantial evidence in the record as a whole. *American Coal Co. v. Benefits Review Board,* 738 F.2d 387, 391 (10th Cir.1984); *Janusziewicz v. Sun Shipbuilding & Dry Dock Co.,* 677 F.2d 286, 290 (3rd Cir.1982); *Stevenson v. Linens of the Week,* 688 F.2d 93, 97 (D.C.Cir. 1982). Because we find that the ALJ's decision to award benefits from January 1, 1974, was supported by substantial evidence, we reverse the decision of the Review Board insofar as it modified Velasquez' entitlement date.

Three witnesses testified at the formal hearing before the ALJ. The claimant, Salomon Velasquez, testified that he first began having respiratory problems following his work as a coal miner in the 1940's. Velasquez testified that he experienced shortness of breath and a severe cough which was often productive of black phlegm. These problems occurred from the 1950's up through the time Velasquez filed his claim. Appellant's wife, Carmelita Velasquez, also testified at the hearing and confirmed appellant's testimony.

The third witness at the hearing, Dr. Sean Skerett, reviewed the medical evidence and concluded that Velasquez had chronic lung disease arising from his exposure to coal dust. (Transcript of Administrative Hearing, p. 49.) Included in Dr. Skerett's testimony was his evaluation of a 1968 x-ray, which showed bilateral abnormalities in Velasquez' lungs. Velasquez' doctor in 1968 interpreted the x-ray as showing pulmonary fibrosis. Dr. Skerett next reviewed a letter dated March 25, 1972, in which Velasquez' doctor concluded that Velasquez had "chronic bronchial pul-

ment. This definition includes, but is not limited to, coal worker's pneumoconiosis, anthrocosilicosis, anthrocosisanthro-silicosis, massive pulmonary fibrosis, progressive massive fibrosis silicosis, or silicotuberculosis arising out of coal mine employment. For purposes of this defini-

tion, a disease 'arising out of coal mine employment' includes any chronic pulmonary disease resulting in respiratory or pulmonary impairment significantly related to, or aggravated by, dust exposure in coal mine employment." 20 C.F.R. § 727.202.

monary disease." (*Id.* at 42.) Dr. Skerett also reviewed the results of pulmonary function tests performed on Velasquez in 1972. Dr. Skerett concluded that the tests showed evidence of chronic respiratory impairment, which he expected would have impaired Velasquez' ability to engage in physical labor. (*Id.* at 44.) Finally, Dr. Skerett testified, in response to the ALJ's question, that he saw no significant difference between x-rays of Velasquez taken in 1981 and x-rays taken ten years earlier.

Although the phrase "substantial evidence" is difficult to define precisely, it has been described as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *American Coal Co. v. Benefits Review Board,* 738 F.2d at 391. With this standard in mind, we hold that there was substantial evidence to support the ALJ's award of benefits beginning from January 1, 1974.

Although the ALJ did not make a specific finding as to the month of onset of Velasquez' disability, it is apparent from the record before us that he found Velasquez to be eligible for benefits at least as of January 1, 1974. This fact is evidenced by substantial medical evidence of disability prior to 1974, by the ALJ's questioning of Dr. Skerett at the hearing, by the initial award of benefits beginning in April, 1972, and by the ALJ's subsequent modification of the entitlement date to January 1, 1974.

The judgment of the Benefits Review Board is therefore reversed and the judgment of the ALJ awarding benefits from January 1, 1974, is reinstated.