**Salomon VELASQUEZ, Petitioner,**

v.

**DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED STATES DEPARTMENT OF LABOR, Respondent.**

No. 86–1120.

United States Court of Appeals,
Tenth Circuit.

April 18, 1988.

Jeffrey J. Bernstein, Atty. for the U.S. Dept. of Labor, and with him on the briefs, George R. Salem, Sol. of Labor, Donald S. Shire, Associate Sol., J. Michael O'Neill, Counsel for Appellate Litigation, Thomas L. Holzman, Asst. Counsel for Appellate Litigation, Attys. for Director, Office of Workers' Compensation Programs, U.S. Dept. of Labor, Washington, D.C.

Ellen Pinnes, Santa Fe, N.M., for petitioner Salomon Velasquez.

Before HOLLOWAY, Chief Judge, ANDERSON, Circuit Judge, and WESLEY E. BROWN, Senior District Judge.*

WESLEY E. BROWN, Senior District Judge.

This matter is before the court on a petition for attorney's fees. Petitioner's attorney, Ellen Pinnes of Santa Fe, New Mexico, represented Petitioner Velasquez on an appeal before this court. Pinnes successfully argued that Velasquez was entitled to black lung disability benefits beginning in 1974 instead of 1978. (The court's opinion concerning that issue is reported at 835 F.2d 262.) Pinnes now seeks a reasonable attorney's fee for representation of Velasquez before the Tenth Circuit Court of Appeals. After considering the matter, the court finds that a reasonable fee for Pinnes is $6,000 plus expenses of $777.18.

Attorney fees may be awarded in black lung cases under the authority of 30 U.S.C. Sec. 932(a), which incorporates 33 U.S.C. Sec. 928(a) of the Longshoreman's and Harbor Worker's Compensation Act. *See Republic Steel Corporation v. U.S. Department of Labor*, 590 F.2d 77, 79 (3rd Cir. 1978). It is also well established that where a claimant's last coal mine employment was prior to January 1, 1970 (as was the case with claimant Velasquez) the attorney's fees are to be paid by the Black Lung Disability Trust Fund. *Director, Of-*

---

* Honorable Wesley E. Brown, Senior Judge, United States District Court for the District of Kansas, sitting by designation.

*fice of Workers' Compensation Programs v. Bivens,* 757 F.2d 781, 784 (6th Cir.1985).

■ The factors to be considered by the court in determining the amount of fees are: the time and labor required; novelty and difficulty of the questions; preclusion of other employment due to the acceptance of this case; skill required; customary fee; whether fee is fixed or contingent; time limitations imposed upon the attorney, amount involved and the result obtained; experience, reputation, and ability of the attorney; undesirability of the case; nature and length of professional relationship with the client; and awards in similar cases. *See Blankenship v. Schweiker,* 676 F.2d 116, 118 (4th Cir.1982); 20 C.F.R. Sec. 725.366.

■ Applying the factors listed above to the present case, it appears that the fee awarded in this case should be considerably lower than the amount requested. To begin with, the "novelty and difficulty" of the case suggest a lesser award. The appeal itself involved the interpretation of one regulation dealing with the date of eligibility for benefits. In this sense, the appeal was not difficult and indeed was much less complex than the administrative hearing. In comparison to Pinnes' request for 102.8 hours of work, the attorney who represented Velasquez at the administrative hearing submitted a request for approximately 43 hours of work. After reviewing the facts of this appeal, we believe that 60 hours was a reasonable amount of time for work on Velasquez' appeal. Additionally, the issue raised in the appeal to the Tenth Circuit was previously briefed and argued by Pinnes during Velasquez' appeal to the Benefits Review Board. These factors should have reduced the amount of time required to handle the Tenth Circuit appeal. There is also no indication that the attorney was precluded from accepting other employment by her representation of Velasquez nor is there any indication that a special skill was required to argue the case.

In examining awards made in similar cases, it appears that most attorney fee awards are far below the amount requested in this case. *See e.g., Ballard v. Schweiker,* 724 F.2d 1094, 1096 (4th Cir. 1984) (Attorney's fees for 11 black lung claims, ranging from $4,000 to $6,000). *See also Rohrich v. Bowen,* 796 F.2d 1030, 1032 (8th Cir.1986) (Award of $4,725 for representation in social security case; court awarded $75 per hour for 63 hours); *Lanter v. Heckler,* 656 F.Supp. 19, 21 (S.D. Ohio 1986) (Award of $3,000 in social security case).

Several of the items submitted by the attorney in this case appear to have taken much longer than was reasonably necessary to handle the case. For example, the attorney requested compensation for over 26 hours of research, despite the fact that the issue on appeal had been briefed and argued previously to the Benefits Review Board. Similarly, a request was made for 18 hours of time spent in preparation for oral argument.

Pinnes requests compensation at an hourly rate of $125. It appears that in most disability cases, however, courts have allowed attorneys an hourly rate of $75. *See* e.g., *Rohrich v. Bowen,* 796 F.2d 1030 (8th Cir.1986). Because of Pinnes' experience in federal appellate work and the success she achieved in this action, we find that she should be awarded $100 per hour for 60 hours of work on this appeal. We decline (as did the ALJ) to award an additional amount for "gross receipts tax."

It is therefore ordered that Respondent pay to Pinnes a fee of $6,000 plus $777.18 for expenses, to be paid from the Black Lung Disability Trust Fund.