**Paul RALLO, Plaintiff,**

**v.**

**Dr. Louis SULLIVAN, Secretary, Health and Human Services, Defendant.**

**No. 88 C 1712.**

United States District Court, N.D. Illinois, E.D.

Oct. 31, 1991.

Dorie Budlow, Frederick J. Daley, Ltd., Chicago, Ill., for plaintiff.

Fred Foreman, U.S. Atty. by Eileen Marutzky, Asst. U.S. Atty., Chicago, Ill., for defendant.

### ORDER

BUA, District Judge.

For the reasons stated herein, petitioner's motion for attorney fees under Sec.

206 of the Social Security Act is granted in the amount of $11,361.50.

## I. FACTS

Petitioner, Dorie Budlow has acted as attorney for the plaintiff, Paul Rallo in his quest to gain social security benefits due to his disability. Although he was ultimately successful, his claim was at first denied at the administrative level and he was forced to file suit in this court for a review of the Secretary's decision. After reviewing the plaintiff's case, this court remanded the plaintiff's claim to the Secretary. In response, the Secretary filed a motion to alter or amend the judgment. The motion was denied by this court and the plaintiff subsequently prevailed upon remand. He was awarded over $71,000 in benefits of which $17,965.50 was set aside for the payment of his attorney's fees. The petitioner was awarded $2,226.50 for her work before the administration and another $7,044.50 under the Equal Access to Justice Act; $4,377.50 of which represents the amount awarded for work on substantive issues before this court. The petitioner has now filed a motion seeking attorney's fees under Section 206 of the Social Security Act in the amount of $11,361.50. In requesting this amount, the petitioner is asking this court to uphold the contingency fee contract between the plaintiff and his counsel. The Secretary opposes this request and suggests instead that this court substitute an hourly fee of $135 per hour.

## II. DISCUSSION

In determining whether a contingency fee award should be upheld as reasonable, the courts have been struggling between the use of the factor analysis approach of *Blankenship v. Schweiker,* 676 F.2d 116 (4th Cir.1982) ("the Blankenship factors") and the economic approach of *Hensley v. Eckerhart,* 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983) and *McGuire v. Sullivan,* 873 F.2d 974 (7th Cir.1989). Under the *Blankenship* approach, the fact that the attorney's fees are contingent is one factor in determining whether the ultimate rate is reasonable.

Under the economic approach, the fact that the fee is contingent changes the focus of the inquiry and the court will determine whether the contract was reasonable when it was entered into. If it was, the court will enforce it. However, if a case was a very easy one which imposed little risk, the court may determine that a large percentage represents a windfall and should therefore, be reduced. *McGuire,* 873 F.2d at 981. If, on the other hand, the contract was reasonable when entered into, the court will uphold it even where it results in a fee higher than might normally be charged if the client were paying a per hour fee. This was explained by the United States Supreme Court:

> Attorneys who take cases on contingency, thus deferring payment of their fees until the case has ended and taking upon themselves the risk that they will receive no payment at all, generally receive far more in winning cases than they would if they charged an hourly rate. The difference, however, reflects the time-value of money and the risk of non-recovery usually borne by clients in cases where lawyers are paid an hourly rate.

*Hensley,* 461 U.S. at 448–449, 103 S.Ct. at 1947 (Burger, J. concurring). If the courts did not recognize the need for the enforcement of contingency contracts but instead substituted what the court believed to be a reasonable hourly fee as requested by the Secretary here, attorneys would no longer enter into contingency agreements in the first place.

> Without the greater incentive for attorneys to take these cases stemming from the potential for an enhanced fee payment, claimants who have difficult cases and who cannot afford to guarantee payment might not be able to secure representation.

*McGuire,* 873 F.2d at 980; *see also Coup v. Heckler,* 834 F.2d 313, 325 (3rd Cir.1987); *Dunn v. H.K. Porter Co.,* 602 F.2d 1105, 1111–1112 (3rd Cir.1979).

Thus, in this circuit, the starting point in determining the reasonableness of a contingency fee is to look at the reasonableness of the contingency agreement. A

court should defer to the parties' express intentions where reasonable but the amount may be reduced if the fee amounts to a windfall i.e. if the amount of the ultimate fee is out of proportion to services performed, the risk of loss and other relevant considerations. "The court must look for evidence of overreaching or failure to inform the client of [his] options." *McGuire*, 873 F.2d at 981.

 In order to determine if an attorney has overreached in requesting the full amount of the agreed upon contingency fee, this court will return to the Blankenship factors. "The *Blankenship* factor approach should aid in determining the fairness of the contingency agreement, because absent a change in the law or the revelation of new evidence in favor of the claimant's case, the number of hours actually devoted to the case and the result obtained show whether or not a reasonable prediction was made." *McGuire*, 873 F.2d at 981.

In this case, the Secretary fought the plaintiff's claim at every step. After receiving an unfavorable result from this court, the Secretary filed a motion to alter or amend the judgment to which the plaintiff had to respond. After the denial of this motion and a remand hearing before the administration, the plaintiff was ultimately awarded over $71,000 in disability benefits. This resulted also in coverage under the medicare program and an opportunity to receive more consistent medical treatment in the future. One of the Blankenship factors weighing in favor of allowing the requested fee is the ultimate success in the action. Another is the ability of the attorney. The ultimate success in this case is good evidence that the ability of the attorney here was of a very high quality. These factors weigh in favor of the enforcement of the contract. Because the Secretary has not pointed to any factors at all which would justify this court in refusing to enforce the contingency contract between the plaintiff and his attorney, we will enforce it and award the petitioner the full $11,361.50 which represents 25% of the plaintiff's award reduced by $2,226.50

awarded by the ALJ and by $4,377.50 awarded under the Equal Access to Justice Act for work before this court.

## CONCLUSION

For the foregoing reasons, petitioner's motion for attorney fees under Sec. 206 of the Social Security Act is granted in the amount of $11,361.50.

IT IS SO ORDERED.