In the

# United States Court of Appeals

### For the Seventh Circuit

———————————

No. 24-3226

CHRISTIAN S. ARNOLD,

*Plaintiff-Appellant*,

*v.*

FRANK BISIGNANO,[1] Commissioner of Social Security,

*Defendant-Appellee*.

———————————

Appeal from the United States District Court for the
Central District of Illinois.
No. 3:20-cv-3344 — **Sue E. Myerscough**, *Judge*.

———————————

SUBMITTED JUNE 25, 2025 — DECIDED JULY 31, 2025

———————————

Before SYKES, *Chief Judge*, and BRENNAN and LEE, *Circuit Judges*.

PER CURIAM. The law firm Binder & Binder, counsel for Christian Arnold, requested attorneys' fees under 42 U.S.C.

---

[1] We have substituted Frank Bisignano, the current Commissioner of Social Security, for the defendant-appellee. *See* Fed. R. Civ. P. 25(d).

§ 406(b) after obtaining a favorable determination from the Social Security Administration. Notwithstanding a contingency fee agreement that entitled Binder to twenty-five percent of Arnold's retroactive benefits, the district court awarded only a portion of the requested fee amount. Binder appealed. Applying *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002), we held that the district court abused its discretion by not anchoring its reasonableness analysis under § 406(b) on the contingency fee agreement. We then remanded the case for further proceedings consistent with additional guidance we provided in our opinion.

Upon remand, the district court awarded Binder the same amount that it did the first time on the grounds that the contingency fee agreement amount should be reduced to reflect a "more reasonable" effective hourly rate. Binder appeals once again. We agree with Binder that the district court abused its discretion by inadequately explaining its conclusion. We therefore reverse the district court's decision reducing Binder's fees and remand with instructions to order the Administration to remit attorneys' fees at Binder's requested amount.

## I

Arnold retained Binder & Binder (Binder) in April 2018 to represent him in a claim for disability benefits under the Social Security Act.[2] After the Commissioner of Social Security

---

[2] Although Arnold is the named appellant, the real party in interest is Binder, which challenges the decision to reduce its fees. *See Gisbrecht*, 535 U.S. at 798 n.6. While the Commissioner has no direct financial stake in this appeal, he "plays a part in the fee determination resembling that of a trustee for the claimants." *See id.*

(Commissioner) denied his claim, Arnold appealed the agency action to the district court. Noting the Commissioner's agreement that a remand was appropriate, the district court returned the case to the agency for further proceedings. The court also awarded Binder $5,694.44 under the Equal Access to Justice Act (EAJA), *see* 28 U.S.C. § 2412. Later, an administrative law judge of the Social Security Administration determined that Arnold was entitled to $160,797.10 in past-due social security benefits.

Binder then moved in the district court for attorneys' fees under 42 U.S.C. § 406(b). The contingency fee agreement between Binder and Arnold provides that Binder is authorized to receive twenty-five percent of any past-due benefits awarded to Arnold in the event his disability appeal is successful. In accordance with that agreement, Binder sought twenty-five percent of Arnold's retroactive benefits (amounting to $40,199.27). Binder also committed to transferring the $5,694.44 it had received under the EAJA to Arnold, as required. *See Gisbrecht*, 535 U.S. at 796. The Commissioner objected to Binder's motion, arguing that the effective hourly rate of $1,425.51 would create an improper windfall to Binder.

The district court granted in part Binder's motion and awarded $16,920, which it calculated by multiplying the 28.2 hours that Binder had spent on Arnold's case by an hourly rate of $600. The court acknowledged that Binder had extensive experience with Social Security cases, that there was "no indication that [Arnold] is unsatisfied with his counsel's performance," and that there was "no evidence of undue delay." But, noting that "this case did not present any particularly difficult challenges or any extraordinary circumstances" and finding hourly rates of $300 to $600 to be reasonable based on

recent "Second Amendment cases," the district court reduced Binder's effective hourly rate to $600.

We took Binder's appeal as our first opportunity to articulate guidance on how a court should "determine when and under what circumstances a district court can deviate from contracted-for-fees under § 406(b)" under *Gisbrecht*. *Arnold v. O'Malley ("Arnold I")*, 106 F.4th 595, 597 (7th Cir. 2024). We emphasized that district courts must "begin with the contingency award as its polestar" and *then* consider whether to reduce that amount based on a number of relevant factors, such as the plaintiff's satisfaction with the attorney's representation. *Id.* at 601.

Applying that guidance to the present case, we held that the district court had abused its discretion by "not anchoring its analysis first and foremost on the contingency agreement before otherwise considering the reasonableness of the request." *Id*. at 597. We vacated and remanded the case to the district court for proceedings consistent with our guidance. *Id.* at 603.

On remand, Binder argued that "all the relevant factors listed by the [Seventh Circuit in *Arnold I*] warrant awarding the fee request." This time, Binder requested $34,199.27, which accounted for the $6,000 it had already received pursuant to § 406(a).[3] The district court agreed with Binder on most of the factors but concluded that the effective hourly rate of Binder's requested fees was too high compared to others in the field and jurisdiction. Repeating its observation that "this

---

[3] Section 406(a) governs attorneys' fees for representation before the Administration; § 406(b) governs fees for representation before federal courts. *Gisbrecht*, 535 U.S. at 794.

case did not present any particularly difficult challenges or any extraordinary circumstances" and again finding the hourly rate of $600 more reasonable, the district court awarded Binder $16,920—the same amount it granted in *Arnold I* two years earlier. That brings us to this successive appeal.

## II

### A. Our Approach Following *Gisbrecht*[4]

The Supreme Court in *Gisbrecht* directed district courts to "look[] first to the contingent-fee agreement, then test[] it for reasonableness" based on "the character of the representation and the results the representative achieved." 535 U.S. at 808. When we reviewed the district court's first fee order, we echoed the Supreme Court's emphasis that "the award set by the contingency agreement must be the anchor of the court's reasonableness analysis under § 406(b)." *Arnold I*, 106 F.4th at 601. To guide district courts in our Circuit, we elaborated on this principle with the following rule:

> [A] district court must begin with the contingency award as its polestar and consider whether that amount should be reduced because it is unwarranted based on relevant factors, such as the claimant's satisfaction with their attorney's representation, the attorney's expertise and efforts expended, whether the attorney engaged in any undue delay or overreaching,

---

[4] We provide only a brief review of the legal background sufficient for our holding today. Our previous opinion provides a more comprehensive discussion of the holding and subsequent applications of *Gisbrecht*. *Arnold I*, 106 F.4th at 599–601.

the uncertainty of recovery and risks of an adverse out-
come, and how the effective hourly rate compares to
others in the field and jurisdiction.

*Id*.

In articulating the above, we were satisfied that this ap-
proach retained *Gisbrecht*'s emphasis on the primacy of fee
agreements, while still affording district courts discretion to
intervene when they find that the agreements produce unrea-
sonable fees, including when "benefits are large in compari-
son to the amount of time counsel spent on the case." *Id*. at
601–02 (citing *Gisbrecht*, 535 U.S. at 807–08).

## B. Application to this Appeal

Turning to the district court's second fee order, we again
review it for an abuse of discretion. *Arnold I*, 106 F.4th at 602
(citing *O'Donnell v. Saul*, 983 F.3d 950, 954 (7th Cir. 2020)). A
district court's reasonableness determination "ordinarily
qualif[ies] for highly respectful review," *Gisbrecht*, 535 U.S. at
808, but "[w]e must remand a case, when the district court
opinion regarding fees does not explain the reasons for its
conclusions." *McGuire v. Sullivan*, 873 F.2d 974, 985 (7th Cir.
1989) (citation omitted); *cf. Sottoriva v. Claps*, 617 F.3d 971, 975
(7th Cir. 2010) ("[W]e have granted wide latitude to district
courts in setting awards of attorney's fees" under 42 U.S.C.
§ 1988(b), "[b]ut 'wide latitude' is not unlimited latitude, and
the district court still bears the responsibility of justifying its
conclusions.") (citation modified).

In its latest order, the district court's analysis largely fol-
lowed our guidance in *Arnold I*. It first acknowledged the con-
tingency fee agreement between Binder and Arnold. The
court then considered each of the relevant factors that may

warrant a reduction of the fee. It found that (1) the plaintiff was satisfied with Binder's representation; (2) Binder had extensive experience in the field and had obtained a successful result; (3) there was no evidence of undue delay or overreaching by Binder; and (4) the uncertainty of recovery and risk of an adverse outcome in the case did not warrant reduction from the agreed-upon contingency fee amount. So far, so good.

Then the district court arrived at the last factor: "how the effective hourly rate compares to others in the field and jurisdiction." *Arnold I*, 106 F.4th at 601. To aid the court in this task, Binder had provided a number of comparable rates that other courts in this Circuit had approved. *See, e.g., Strong v. O'Malley*, No. 21-cv-54, 2024 WL 3935530, at *2 (N.D. Ind. Aug. 23, 2024) (applying $1,725 effective hourly rate); *Narug v. Comm'r of Soc. Sec.*, No. 19-cv-490, 2022 WL 3714743, at *2 (N.D. Ind. Aug. 29, 2022) (approving fee with hourly rate of $1,750); *Wattles v. Comm'r of Soc. Sec.*, No. 10-cv-2108, 2012 WL 169967, at *1 (C.D. Ill. Jan. 18, 2012) (same for hourly rate between $2,500 and $3,125). Furthermore, the district court itself recognized that, in *Fields v. Kijazaki*, 24 F.4th 845, 856 (2d Cir. 2022), a case where Binder represented the prevailing claimant, "the Second Circuit … found that an effective hourly rate of $1,556.98 did not constitute a windfall."

But instead of examining the effective hourly rates in these cases to assess their comparability to Binder's effective rate here, the district court simply remarked that, "given the Court's role in ensuring that fee awards are reasonable under each case's circumstances, the range of determinations regarding what is reasonable is not surprising." Without saying more about the rates presented by Binder, the court noted

only that Binder's requested fee of $34,199.27 was "quite sizable" considering the 28.20 hours the attorneys had spent on this case. It then repeated its observation from its prior order that "this case did not present any particularly difficult challenges or any extraordinary circumstances," before once again concluding that the contingency fee amount should be reduced "because it is unwarranted based on the final relevant factor."

By failing to provide an adequate explanation of its decision to reduce Binder's attorneys' fees request, the district court abused its discretion. *See McGuire*, 873 F.2d at 985. Binder had presented the court with at least six cases with comparable effective hourly rates that were approved "in the field and jurisdiction." The district court neither explained why Binder's effective hourly rate of $1,212.74 was too high in comparison to these rates (most of which exceeded $1,500 an hour), nor did it factually distinguish the cases to show their inapplicability here.

Take *Wattles* as an example.[5] There, the plaintiff and his attorney also had agreed that the attorney would be entitled to twenty-five percent of the past-due benefits if they succeeded. 2012 WL 169967, at *1. After prevailing, the attorney sought $20,000 in fees, and the plaintiff explicitly attested in writing that the attorney had earned that amount. *Id*. Nevertheless, the Commissioner objected to the fee, asserting that the

---

[5] We examine *Wattles* because it is the only case decided by the Central District of Illinois that Binder cited in its supplementary brief. We stress that each case is different, and the reasonableness of attorneys' fees must be evaluated on a case-by-case basis.

effective hourly rate, which fell between $2,500 and $3,125, was "just too high" and amounted to a windfall. *Id*.

Because *Wattles* was decided before *Arnold I*, the district court did not have the benefit of our recent guidance. Nevertheless, the court considered a similar list of factors that the Fourth Circuit had outlined for determining the reasonableness of attorneys' fees. *Id*. at *2 (citing *Blankenship v. Schweiker*, 676 F.2d 116, 117–18 (4th Cir. 1982)). And, after considering the attorney's skill and experience, the significant result achieved, and the risk of an adverse outcome, the district court approved the requested $20,000 in fees pursuant to § 406(b). *Id*. at *3.

Here, the district court similarly recognized that Binder was "very experienced with Social Security cases and provided successful results in this case," and further noted "the contingent nature of representing claimants in Social Security cases carries a significant risk of loss." Like the plaintiff in *Wattles*, Arnold submitted a letter stating that the fee was deserved. And, unlike in the first appeal, the Commissioner did not oppose Binder's request, stating only that he "takes no position concerning the reasonableness of Binder's § 406(b) fee request."

Given *Wattles* and the other data points Binder provided, it was not enough for the district court to hinge its entire award on the effective-hourly-rate inquiry and its belief that the case "did not present any particularly difficult challenges or any extraordinary circumstances." Indeed, one would think that a case's difficulty level would also be relevant to the court's consideration of the second factor, "the attorney's expertise and efforts expended," or the fourth factor, "the uncertainty of recovery and risks of an adverse outcome," but

the court found that those two factors *supported* Binder's request. Thus, the difficulty level of the case alone does little to explain the court's conclusion that Binder's effective hourly rate was too high.

Furthermore, the district court did not explain why its effective-hourly-rate inquiry outweighed all of the other factors that, it acknowledged, supported the contingency fee amount. We do not preclude the possibility that a strongly compelling finding in one factor could tip a district court's conclusion away from the opposite finding in all the other factors. Nor do we prescribe any specific way that a district court should weigh each of the factors, as the district court undoubtedly possesses a "superior understanding of the litigation." *McGuire*, 873 F.2d at 977 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) ("It remains important, however, for the district court to provide a concise but clear explanation of its reasons for the fee award.")). Here, however, the district court concluded that the contingency agreement amount should be reduced based solely on the final factor, without elaborating why it trumped the others. This, too, was an abuse of discretion.

In sum, the district court abused its discretion by concluding that Binder's requested fee was unwarranted based upon what would be the effective hourly rate without adequately explaining (1) why it was so and how this case differed from the others upon which Binder relied and (2) why this last factor outweighed the others that supported Binder's request. We recognize the many demands on a district court's time, and we certainly are not requiring an exhaustive (or even extensive) analysis here. But, at a minimum, a district court must provide some explanation, however brief, for its

decision to depart from the agreed-upon contingency fee amount after duly considering and weighing the relevant factors.

**III**

For the above reasons, we REVERSE the district court's judgment and, based on our review of the record, REMAND with instructions to order the Social Security Administration to release attorneys' fees in the requested amount of $34,199.27 to Binder & Binder, at which time counsel must, as pledged, remit $5,694.44 (representing the EAJA fees) to Christian Arnold.