PUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 13-2160

BARBARA HUDSON,

                 Plaintiff - Appellee,

         v.

PITTSYLVANIA COUNTY, VIRGINIA; BOARD OF SUPERVISORS OF
PITTSYLVANIA COUNTY, VIRGINIA,

                 Defendants - Appellants.

Appeal from the United States District Court for the Western
District of Virginia, at Danville.  Michael F. Urbanski,
District Judge.  (4:11-cv-00043-MFU-RSB)

Argued:  October 28, 2014          Decided:  December 17, 2014

Before NIEMEYER, DUNCAN, and AGEE, Circuit Judges.

Affirmed in part and dismissed in part by published opinion.
Judge Duncan wrote the opinion, in which Judge Niemeyer and
Judge Agee joined.

**ARGUED**: William M. Stanley, Jr., STANLEY, HUCHENS & GRIFFITH,
Moneta, Virginia, for Appellants.  Rebecca Kim Glenberg,
AMERICAN CIVIL LIBERTIES UNION FOUNDATION OF VIRGINIA, Richmond,
Virginia, for Appellee.  **ON BRIEF**: Daniel Mach, Heather L.
Weaver, ACLU PROGRAM ON FREEDOM OF RELIGION AND BELIEF,
Washington, D.C., for Appellee.

DUNCAN, Circuit Judge:

Defendants-Appellants Pittsylvania County, Virginia, and the Board of Supervisors of Pittsylvania County, Virginia, (collectively, "Pittsylvania") appeal two orders of the district court--the first ruling in favor of Plaintiff-Appellee Barbara Hudson on Establishment Clause claims, and the second awarding her attorney's fees. Hudson moves to dismiss Pittsylvania's challenge to the district court's order concerning her Establishment Clause claims for lack of jurisdiction. We grant Hudson's motion to dismiss because Pittsylvania's appeal is untimely. We affirm the district court's order awarding attorney's fees to Hudson because Pittsylvania fails to show that the district court abused its discretion.

I.

A.

The Board of Supervisors of Pittsylvania County, Virginia, (the "Board") is composed of seven members serving four-year terms. In 2008-2012, the Board met twice per month. At the beginning of each meeting, a member of the Board opened the proceedings with an invocation. This opening invocation was usually explicitly Christian in nature, and the Board asked the audience to stand for the prayers.

2

Hudson is a non-Christian resident of Pittsylvania County who has attended nearly every Board meeting since late 2008. Hudson alleges that the Christian prayers made her and other non-Christian citizens of Pittsylvania County feel unwelcome.

B.

In September 2011, Hudson filed a § 1983 action alleging that Pittsylvania violated the Establishment Clause by opening its Board meetings with sectarian prayers. The parties subsequently filed cross-motions for summary judgment. By orders dated March 26, 2013, and filed the next day (the "March 27 orders"), the district court (1) entered summary judgment for Hudson, (2) permanently enjoined Pittsylvania "from repeatedly opening its meetings with prayers associated with any one religion," J.A. 671, and (3) struck the case from the active docket while retaining "jurisdiction over [the] matter for the purposes of enforcement of the permanent injunction . . . , as well as consideration of any motions for attorney's fees and costs by Hudson," J.A. 673.

On April 5, 2013, Hudson sought attorney's fees and costs in the amount of $59,679.92.[1] A magistrate judge recommended an

---

[1] Hudson subsequently filed a reply brief, increasing her request to $60,404.92.

award of $53,229.92, and on August 26, 2013, the district court adopted the recommendation in its entirety.

On September 18, 2013--175 days after the district court entered summary judgment for Hudson and closed the case--Pittsylvania filed both a notice of appeal and a motion to stay the proceedings pending the Supreme Court's decision in Town of Greece, N.Y. v. Galloway, 134 S. Ct. 1811 (2014). In its notice of appeal, Pittsylvania challenged the district court's resolution of Hudson's § 1983 claim, which was "entered on March 27, 2013," as well as the attorney's fees award. J.A. 736.

After Pittsylvania's appeal was docketed on September 19, 2013, Hudson moved to dismiss the appeal of the March 27 orders as untimely. We deferred ruling on the motion until after oral argument.

II.

Pittsylvania makes two arguments on appeal: that the district court erred in ruling in favor of Hudson on her Establishment Clause claims, and that it abused its discretion in its award of attorney's fees. Before turning to the merits, however, we must first address the threshold jurisdictional issue presented by the motion to dismiss.

4

A.

Hudson argues that Pittsylvania's appeal from the March 27 orders must be dismissed because Pittsylvania's notice of appeal was untimely. We agree. For the reasons that follow, we conclude that the district court's March 27 orders constituted a "final decision" within the meaning of 28 U.S.C. § 1291 and that a timely notice of appeal was due on or before April 26, 2013. Because Pittsylvania filed its notice of appeal 145 days after this date, we dismiss Pittsylvania's appeal of the March 27 orders as untimely. Accordingly, we do not reach the merits of Hudson's Establishment Clause claims.[2]

Because of the dearth of precedent on this issue, we write today to provide guidance for future litigants seeking to appeal both a merits judgment and a subsequent attorney's fees award. We consider, first, whether the March 27 orders constituted a "final decision," and, second, whether the post-trial motions in this case tolled the appeal filing period.

---

[2] Although the Supreme Court recently upheld a town board's prayer practice in Town of Greece, 134 S. Ct. at 1818–25, that case was decided after the district court here issued the March 27 orders. Because we conclude that we lack jurisdiction over Pittsylvania's appeal of the March 27 orders, we do not address Town of Greece here.

1.

We first address whether the March 27 orders constituted a "final decision." Pittsylvania argues that they did not because the district court retained jurisdiction over the matter to enforce the permanent injunction and to consider any motions for attorney's fees and costs by Hudson. We disagree.

The courts of appeals have jurisdiction over "appeals from all final decisions of the district courts of the United States." 28 U.S.C. § 1291. In general, a district court's decision is final if it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." United States v. Modanlo, 762 F.3d 403, 409 (4th Cir. 2014) (quoting Budinich v. Becton Dickinson & Co., 486 U.S. 196, 199 (1988)) (internal quotation marks omitted).

Despite Pittsylvania's contention to the contrary, a district court's continuing jurisdiction over its permanent injunction order does not render that order non-final within the meaning of § 1291. The district court's ability to modify or terminate an injunction post-judgment "simply expresses the inherent power . . . possessed by courts of equity to modify or vacate their decrees 'as events may shape the need.'" Holiday Inns, Inc. v. Holiday Inn, 645 F.2d 239, 244 (4th Cir. 1981) (quoting United States v. Swift & Co., 286 U.S. 106, 114 (1932)). And the court's continuing power to enforce its

6

injunction order does not render appellate review of that order premature. See, e.g., United States v. Local 30, United Slate, Tile and Composition Roofers, Damp and Waterproof Workers Ass'n, 871 F.2d 401, 403 (3rd Cir. 1989) ("The fact that the district court retained jurisdiction in this case to provide such further relief as might be necessary to effectuate the permanent injunction does not deprive the district court's order of its finality under § 1291."); cf. Modanlo, 762 F.3d at 409 (noting that a district court's order is final where the court has yet to execute the judgment).

In addition, the Supreme Court has held that "a decision on the merits is a 'final decision' under § 1291 even if the award or amount of attorney's fees for the litigation remains to be determined." Ray Haluch Gravel Co. v. Cent. Pension Fund of Int'l Union of Operating Eng'rs & Participating Emp'rs, 134 S. Ct. 773, 777 (2014) (citing Budinich, 486 U.S. 196). This is true "[w]hether the claim for attorney's fees is based on a statute, a contract, or both." Id.

Here, the judgment of the district court in Hudson's favor was entered on March 27, 2013. J.A. 673. Because this decision ended the litigation, the district court struck the case from the active docket. J.A. 673. Although the district court retained "jurisdiction over [the] matter for the purposes of enforcement of the permanent injunction . . . , as well as

7

consideration of any motions for attorney's fees and costs by Hudson," J.A. 673, the March 27 orders were nevertheless a "final decision" within the meaning of § 1291.[3]

## 2.

Because the March 27 orders constituted a "final decision," we next address whether the parties' post-trial motions tolled the appeal-filing period. Subject to exceptions not present here, a civil litigant seeking review of a district court's final decision must file a notice of appeal "within thirty days after the entry of such judgment, order or decree." 28 U.S.C. § 2107(a); see also Fed. R. App. P. 4(a)(1)(A).

Federal Rule of Appellate Procedure ("FRAP") 4(a)(4)(A) provides that the time for filing an appeal in a civil case is tolled by the timely filing of certain motions. Relevant here, if a party files a timely motion for attorney's fees and "the district court extends the time to appeal under [Federal Rule of Civil Procedure ("FRCP")] 58," Fed. R. App. P. 4(a)(4)(A)(iii), then the thirty-day appeals period is tolled and "the time to file an appeal runs for all parties from the entry of the order

---

[3] Our holding does not prevent Pittsylvania from--at some point in the future--seeking to modify the district court's permanent injunction. However, as we establish above, the district court's ability to grant partial or total relief from the injunction does not deprive the district court's orders of finality.

8

disposing of [that motion]," id. at 4(a)(4)(A). The Notes of the Advisory Committee on Rules further emphasize this point: timely motions for attorney's fees will not extend the time for filing an appeal "unless a district court, acting under [FRCP] 58, enters an order extending the time for appeal." Fed. R. App. P. 4 advisory committee's note (1993 amend.) (emphasis added).

FRAP 4(a)(4)(A)'s tolling provision operates in the interest of promoting efficiency. In the context of a motion for attorney's fees, the district court may determine that it is "more efficient to decide fee questions before an appeal is taken so that appeals relating to the fee award can be heard at the same time as appeals relating to the merits of the case." Fed. R. Civ. P. 58 advisory committee's note (1993 amend.). If, for example, a claim for fees is relatively straightforward, the district court may--in the interest of efficiency--enter an order pursuant to FRCP 58 extending the appeals period to allow for the consideration of both the attorney's fees issues and the merits on appeal. In these situations, FRCP 58(e) provides that when a "timely motion for attorney's fees is made under [FRCP] 54(d)(2), the court may act before a notice of appeal has been filed and become effective to order that the motion have the same effect under [FRAP] 4(a)(4) as a timely motion under [FRCP]

59."[4]  (emphasis added).  In other words, FRCP 58(e) makes clear that a motion for attorney's fees may, but will not in the absence of action by the district court, toll the running of the appeal filing period.  See Stephanie-Cardona LLC v. Smith's Food & Drug Centers, Inc., 476 F.3d 701, 705 (9th Cir. 2007) ("The time to appeal is not extended unless the district court . . . orders that an attorney's fees motion has the effect of delaying the clock for filing the notice of appeal." (emphasis added) (footnote omitted)); Moody Nat. Bank of Galveston v. GE Life & Annuity Assur. Co., 383 F.3d 249, 253 (5th Cir. 2004) ("Post judgment motions addressing attorney's fees can only extend the time for appeal if . . . the court orders that the motion be considered as a Rule 59 motion." (emphasis added)).

Clearly, however, only a part of the course of action necessary to toll the notice of appeal filing period occurred here.  Although Hudson timely filed a motion for attorney's fees, the district court did not enter an order extending the time to appeal pursuant to FRCP 58(e).  Nor did Pittsylvania take any of the actions necessary to toll the time for filing an appeal pursuant to FRAP 4(a)(4)(A).  Pittsylvania did not move

---

[4] Under FRAP 4(a)(4), a timely motion under [FRCP] 59 tolls the thirty-day appeal period until the district court disposes of a motion "to alter or amend the judgment under [FRCP] 59" or a motion "for a new trial under [FRCP] 59."  Fed. R. App. P. 4(a)(4)(A)(iv)-(v).

the district court to extend the time to appeal pursuant to FRCP 58(e).  Cf. 16A Charles Alan Wright et al., Federal Practice and Procedure § 3950.4 (4th ed. 2008)("[W]hen presented with a proper motion under [FRCP] 58(e) the district court has discretion whether to enter such an order . . . .").  Pittsylvania also failed to move for reconsideration under FRCP 59 following the district court's final decision on March 27, 2013.[5]

Accordingly, Hudson's motion for attorney's fees did not toll the time for filing an appeal under FRAP 4(a)(4)(A), and Pittsylvania's notice of appeal was therefore due on April 26, 2013.  Pittsylvania filed its notice on September 18, 2013--145 days after the thirty-day window closed.  Because "the timely filing of a notice of appeal in a civil case is a jurisdictional requirement," Bowles v. Russell, 551 U.S. 205, 214 (2007), we must grant Hudson's motion to dismiss Pittsylvania's untimely appeal of the district court's final decision.

B.

Having found that the court lacks jurisdiction to consider Pittsylvania's appeal of the March 27 orders, we turn now to

---

[5] Although Pittsylvania filed a motion to stay proceedings in the district court with its notice of appeal on September 18, 2013, that motion could not have tolled the time for appeal because that time had already expired.

11

Pittsylvania's timely appeal of the August 26, 2013, award of attorney's fees and expenses to Hudson. Pittsylvania argues that the district court abused its discretion in awarding Hudson $53,229.92 because the award is excessive. We disagree.

As Pittsylvania recognizes, we review a district court's award of attorney's fees for abuse of discretion. See Lefemine v. Wideman, 758 F.3d 551, 554 (4th Cir. 2014). The court "will only reverse such an award if the district court is 'clearly wrong' or has committed an 'error of law.'" McAfee v. Boczar, 738 F.3d 81, 88 (4th Cir. 2013) (quoting Brodziak v. Runyon, 145 F.3d 194, 196 (4th Cir. 1998)); see also Hensley v. Eckerhart, 461 U.S. 424, 437 (1983) (emphasizing that "the district court has discretion in determining the amount of a fee award" because of "the district court's superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters").

The district court may award reasonable attorney's fees to the prevailing party in a § 1983 action. 42 U.S.C. § 1988(b). A district court awards these fees in three steps. First, it "must 'determine the lodestar figure by multiplying the number of reasonable hours expended times a reasonable rate.'" McAfee, 738 F.3d at 88 (quoting Robinson v. Equifax Info. Servs., LLC, 560 F.3d 235, 243 (4th Cir. 2009)). Second, "the court must 'subtract fees for hours spent on unsuccessful claims unrelated

12

to successful ones.'" Id. (quoting Robinson, 560 F.3d at 244). Third, "the court should award 'some percentage of the remaining amount, depending on the degree of success enjoyed by the plaintiff.'" Id. (quoting Robinson, 560 F.3d at 244).

Pittsylvania claims that the district court abused its discretion in three respects: (1) by awarding any fees to Frank M. Feibelman, Esq.; (2) by awarding excessive fees to lead counsel Rebecca K. Glenberg, Esq.; and (3) by failing to downwardly adjust the lodestar calculation. We have reviewed the record and find that Pittsylvania has not shown that the district court's attorney's fees award was clearly wrong or rested on an error of law.

Pittsylvania first argues that Feibelman's involvement in the case was unnecessary and duplicative. The record does not support this argument. In her declaration supporting Hudson's motion for attorney's fees, Glenberg stated that she "relied on . . . [another lawyer and] Feibelman to review and edit pleadings." J.A. 678. And "[t]he district court was in the best position to determine whether the efforts of the two attorneys were duplicative." Daly v. Hill, 790 F.2d 1071, 1080 (4th Cir. 1986).

Pittsylvania next argues that the district court should have awarded Glenberg no or reduced fees for four categories of tasks amounting to a billed total of approximately 20 hours.

13

Glenberg provided a detailed billing sheet and specific explanations for the hours to which Pittsylvania objects, and the district court deemed these hours reasonable. The district court "is in the better position to evaluate the quality and value of the attorney's efforts," Daly, 790 F.2d at 1079 (quoting Ballard v. Schweiker, 724 F.2d 1094, 1098 (4th Cir. 1984)), and nothing in the record suggests that the district court abused its discretion in awarding Glenberg's fees.

Finally, Pittsylvania argues that the district court abused its discretion by failing to make a downward adjustment to the lodestar calculation because the number of hours expended was excessive and unreasonable. But the lodestar figure--which is calculated by multiplying the number of reasonable hours expended by a reasonable rate, see Grissom v. Mills Corp., 549 F.3d 313, 320 (4th Cir. 2008)--reflects the district court's determination that the hours expended were reasonable, and we have already explained that the district court did not abuse its discretion in reaching this conclusion. As such, the district court's failure to make a downward adjustment to the lodestar calculation was not error.

III.

For the foregoing reasons, the Order awarding attorney's fees is affirmed and this appeal is otherwise dismissed.

<u>AFFIRMED IN PART AND</u>
<u>DISMISSED IN PART</u>