**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-2051**

MAURLANNA BRAXTON; BRITTANY SCOTT; STEPHANIE GAMBLE; BRIONNA WILLIAMS, On Behalf of Themselves and Other Similarly Situated Individuals,

     Plaintiffs - Appellees,

  v.

KENNETH JACKSON,

     Defendant - Appellant,

  and

ELDORADO LOUNGE, INC.; FOUR ONE FOUR, LLC,

     Defendants.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Beth P. Gesner, Magistrate Judge. (1:15-cv-03661-BPG)

Submitted: May 31, 2019        Decided: July 31, 2019

Before AGEE, DIAZ, and FLOYD, Circuit Judges.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

Kenneth Jackson, Appellant Pro Se. Kenneth C. Gauvey, LAW PRACTICE OF KEN C. GAUVEY, LLC, Baltimore, Maryland, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kenneth Jackson appeals the jury verdict in favor of the plaintiffs and the magistrate judge's award of liquidated damages to Maurlanna Braxton, Brittany Scott, and Stephanie Gamble in their suit alleging violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (2012), and state law.[1]

After Jackson filed his notice of appeal, on November 28, 2018, the magistrate judge awarded $71,962.50 in attorney's fees and costs to Plaintiffs. *Braxton v. Eldorado Lounge, Inc.*, No. 1:15-cv-03661-BPG (D. Md., PACER Nos. 272, 273). Jackson did not file a notice of appeal of this order in the district court. On January 28, 2019, Jackson filed an amended informal opening brief in this Court in which he asserted that the magistrate judge erred in the November 28, 2018 order. Plaintiffs moved to strike this filing. Even if we could construe Jackson's amended informal brief as a notice of appeal, it is untimely as to the November 28, 2018 order, and we lack jurisdiction. *See* Fed. R. App. P. 4(a)(1)(A); *Hudson v. Pittsylvania Cty.*, 774 F.3d 231, 236 (4th Cir. 2014). We therefore grant Plaintiffs' motion to strike.

Jackson asserts several other errors in the proceedings. First, Jackson argues that the district court erred in denying his motion for Fed. R. Civ. P. 11 sanctions. He contends that Plaintiffs' counsel failed to investigate Plaintiffs' claims and filed a "frivolous" lawsuit. He asserts that Braxton only filed suit after being contacted by counsel and that Plaintiffs' counsel refused to settle, running up costs out of proportion to the jury verdict.

---

[1] The parties consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c) (2012).

2

We review a district court's decision regarding Rule 11 sanctions for abuse of discretion. *Barlow v. Colgate Palmolive Co.*, 772 F.3d 1001, 1007 (4th Cir. 2014). We will reverse for abuse of discretion only if we "form a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." *Morris v. Wachovia Sec., Inc.*, 448 F.3d 268, 277 (4th Cir. 2006) (internal quotation marks omitted). Jackson's arguments are conclusory. Plaintiffs' suit had merit and was not frivolous; thus, we conclude that the district court did not abuse its discretion in denying Jackson's motion for sanctions.

Jackson argues that Plaintiffs never requested a class certification hearing, despite filing a collective action pursuant to Fed. R. Civ. P. 23. To the extent that Jackson finds fault with the district court, it is unclear what ruling, if any, Jackson contends was made in error. Furthermore, it does not appear that Jackson ever requested the district court to rule on Plaintiffs' request for a collective action. We therefore have nothing to review.

Jackson next contends that the district court erred in sealing Plaintiffs' depositions during a telephone conference on February 27, 2017. Plaintiffs moved for a protective order regarding information to be discussed in Plaintiffs' depositions, particularly related to tax returns. The magistrate judge entered a protective order designating the tax information as "Attorneys' Eyes Only" but specifically allowed Jackson access to the information. As a result, Plaintiffs withdrew their motion for a protective order. Although it appears that the magistrate judge sealed the deposition transcripts, Jackson does not establish error in that ruling or how it prejudiced him.

Jackson next argues that the magistrate judge should have granted his motion to compel Plaintiffs to turn over various items in discovery. The magistrate judge determined

3

that the motion was untimely and that the information sought did not exist. We review a district court's discovery rulings for abuse of discretion. *Lord & Taylor, LLC v. White Flint, L.P.*, 849 F.3d 567, 572 (4th Cir. 2017).

Defendants propounded discovery to Plaintiffs on August 31, 2016.[2] Plaintiffs responded on October 7, 2016. Pursuant to local rule, any motion to compel regarding those discovery requests should have been filed by November 6, 2016. D. Md. Local Rule 104.8(a) (providing that motions to compel should be filed within 30 days of discovery response). Jackson did not file a motion to compel until December 8, 2017, which was beyond the discovery deadline of March 6, 2017. Furthermore, in the motion to compel, Jackson conceded that Plaintiffs' counsel informed him that the requested discovery did not exist and was not in Plaintiffs' possession. We conclude, therefore, that the district court did not abuse its discretion in denying Jackson's motion to compel.

Jackson then contends that the magistrate judge should have granted his motion to strike several pretrial submissions by Plaintiffs. Jackson argues that the magistrate judge's order barred him from introducing Plaintiffs' 1099s and other tax documents as evidence at trial. Furthermore, Jackson asserts that he conferred with corporate counsel and Plaintiffs' counsel as to a pretrial order and that counsel changed the wording of the pretrial order without consulting Jackson.

Regarding the 1099s, the motion to strike did not concern any of this evidence. Furthermore, the exhibit list indicates that Plaintiffs' 1099s were introduced as evidence at

---

[2] Plaintiffs sued not only Jackson but also the businesses he operated—Eldorado Lounge, Inc. and Four One Four, LLC (d/b/a King and Diamonds). The business entities did not appeal.

trial. As to the pretrial order, we review a denial of a motion to strike for abuse of discretion. *United States v. Ancient Coin Collectors Guild*, 899 F.3d 295, 312 (4th Cir. 2018), *cert. denied*, 139 S. Ct. 1191 (2019). The magistrate judge denied the motion to strike as noncompliant with an order directing the parties not to file any other motions until further notice from the court. We conclude that the magistrate judge did not abuse her discretion in denying Jackson's motion to strike. Moreover, Jackson fails to identify how the submitted pretrial order differed from the one reached allegedly with his consent.

Jackson then argues that Braxton failed to produce sufficient evidence of her lost wages. At trial, Defendants failed to move for judgment pursuant to Fed. R. Civ. P. 50. Accordingly, this issue is not preserved. *Belk, Inc. v. Meyer Corp., U.S.*, 679 F.3d 146, 154-55 (4th Cir. 2012) (noting requirement of compliance with Rule 50 to preserve sufficiency of evidence for appellate review).

Next, Jackson questions how the magistrate judge could award liquidated damages while respecting the district court's denial in part of Plaintiffs' motion for summary judgment. Jackson asserts that the district court determined that Defendants had not violated the FLSA or state law. He believes that the only issues for the jury to determine were whether Defendants had violated another state statute and, if so, Plaintiffs' damages. Jackson also contends that the magistrate judge should not have awarded liquidated damages because Defendants did not act willfully, as determined by the jury.

Jackson has misinterpreted the district court's order. The district court did not grant summary judgment to Defendants. The denial of summary judgment simply meant that the matter would proceed to trial. *Variety Stores, Inc. v. Wal-Mart Stores, Inc.*, 888 F.3d

5

651, 659 (4th Cir. 2018) (noting that purpose of motion for summary judgment is to determine if there is a genuine dispute of material fact for trial).

Furthermore, the FLSA requires a district court to award liquidated damages equal to the amount of unpaid wages or overtime compensation, 29 U.S.C. § 216(b), unless the court, in its discretion, determines that "the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the [FLSA]." 29 U.S.C. § 260. Good faith in this context requires more than "remain[ing] blissfully ignorant of FLSA requirements" and taking "an ostrichlike approach to [FLSA][.]" *Roy v. Cty. of Lexington*, 141 F.3d 533, 548-49 (4th Cir. 1998) (internal quotation marks omitted). Good faith "requires that an employer first take active steps to ascertain the dictates of the FLSA and then move to comply with them." *Reich v. S. New England Telecomm. Corp.*, 121 F.3d 58, 71 (2d Cir. 1997).

Jackson conflates the jury's finding that Defendants did not act willfully with a finding that Defendants did not act in bad faith. Moreover, good faith in the context of liquidated damages is an affirmative defense. *Mayhew v. Wells*, 125 F.3d 216, 220 (4th Cir. 1997). We conclude that the magistrate judge did not abuse her discretion in determining that Jackson had failed to demonstrate good faith efforts to comply with the FLSA.

We also find no merit in Jackson's argument that the district court failed to rule on two motions to dismiss. The district court granted Plaintiffs' motion to strike Jackson's first motion to dismiss. Jackson resubmitted this motion, but the district court's partial

grant of Plaintiffs' motion for summary judgment denied Jackson's motion. The magistrate judge explicitly denied Jackson's second motion to dismiss.

We find merit in Jackson's assertion that the magistrate judge misstated the damages awarded to Gamble. The jury found that Gamble was entitled to damages of $120. In its order awarding liquidated damages, the magistrate judge erroneously stated this amount as $210 and awarded an identical amount as liquidated damages, for a total award of $420. Based on the jury's verdict, the correct total damages due to Gamble is $240. We therefore vacate the magistrate judge's order awarding liquidating damages and the judgment and remand for correction of this error.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*VACATED IN PART,*
*AND REMANDED*