**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 21-1648**

———————

TEE FERAL GOLF, LLC,

        Plaintiff - Appellant,

      v.

MJM GOLF, LLC; VIRGINIA ELECTRIC AND POWER COMPANY, d/b/a
Dominion Virginia Power; 3G REAL ESTATE HOLDINGS, LLC,

        Defendants - Appellees.

———————

Appeal from the United States District Court for the Eastern District of Virginia, at
Norfolk.  Raymond A. Jackson, Senior District Judge.  (2:20-cv-00300-RAJ-DEM)

———————

Submitted:  August 16, 2022                      Decided:  December 9, 2022

———————

Before NIEMEYER, WYNN, and RUSHING, Circuit Judges.

———————

Affirmed as modified by unpublished per curiam opinion.

———————

**ON BRIEF:** Richard S. Phillips, Sr., PHILLIPS LAW FIRM, P.A., Cape Charles,
Virginia, for Appellant.  Richard J. Cromwell, Benjamin L. Hatch, Norfolk, Virginia,
Kenneth W. Abrams, MCGUIREWOODS LLP, Richmond, Virginia; Mark R.
Baumgartner, Anne Catherine Lahren, Richard Hoyt Matthews, PENDER & COWARD,
PC, Virginia Beach, Virginia; Clark J. Belote, Dennis T. Lewandowski, KAUFMAN &
CANOLES, PC, Norfolk, Virginia, for Appellees.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tee Feral Golf, LLC ("Tee Feral") sued MJM Golf, LLC; Virginia Electric and Power Company ("Dominion"); and 3G Real Estate Holdings, LLC (collectively, "Defendants"), alleging several causes of action under state law related to the sale and construction of a golf course located in Chesapeake, Virginia. Although the claims originated with CPM Virginia, LLC ("CPM"), CPM merged with Tee Feral 20 days before the current suit was filed. Defendants moved to dismiss the complaint for lack of subject matter jurisdiction, asserting that Tee Feral was improperly or collusively made to manufacture jurisdiction, in violation of 28 U.S.C. § 1359. Defendants also moved for attorney's fees.

After conducting jurisdictional discovery, the district court granted Defendants' motions for dismissal and attorney's fees. The court ordered additional briefing on the amount of attorney's fees; Tee Feral did not submit briefing on the issue of attorney's fees but instead filed a motion to reconsider pursuant to Federal Rule of Civil Procedure 59(e). After the district court denied the Rule 59(e) motion, Tee Feral timely noted an appeal from the orders granting dismissal and attorney's fees and denying the Rule 59(e) motion. Dominion requested that the district court pierce the corporate veil and award fees jointly and severally against Tee Feral's sole member, Neil Wallace. The court granted Dominion's request and held Wallace jointly and severally liable for all attorney's fees. Tee Feral did not file a notice of appeal from this order.

2

On appeal, Tee Feral contends that the district court wrongly applied 28 U.S.C. § 1359. Tee Feral further asserts that attorney's fees were unwarranted and that the court should not have held Wallace jointly and severally liable. We affirm.

With respect to the district court's application of § 1359, whether the district court possessed subject matter jurisdiction is a question we review de novo. *Burrell v. Bayer Corp.*, 918 F.3d 372, 379-80 (4th Cir. 2019). A district court may exercise diversity jurisdiction in cases that arise between citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. "For purposes of diversity jurisdiction, the citizenship of a limited liability company . . . is determined by the citizenship of all of its members." *Cent. W. Va. Energy Co. v. Mountain State Carbon*, 636 F.3d 101, 103 (4th Cir. 2011). However, "[a] district court shall not have jurisdiction of a civil action in which any party, by assignment or otherwise, has been improperly or collusively made or joined to invoke the jurisdiction of such court." 28 U.S.C. § 1359. Section 1359 is designed to prevent "jurisdiction . . . created by assignments of this kind, which are easy to arrange and involve few disadvantages for the assignor." *Kramer v. Caribbean Mills, Inc.*, 394 U.S. 823, 828 (1969). "If a nominal plaintiff . . . has no stake in the outcome, if he is a real party in interest only in the narrow procedural sense of those words and his appointment was secured solely for the purpose of creating diversity of citizenship, the apparent diversity is pretensive." *Lester v. McFaddon*, 415 F.2d 1101, 1106 (4th Cir. 1969). In other words, a person may not create diversity jurisdiction by "collusively assigning his interest in an action." *Mississippi ex rel. Hood v. AU Optronics Corp.*, 571 U.S. 161, 174 (2014).

3

"A defendant may challenge subject matter jurisdiction in one of two ways: facially or factually." *Beck v. McDonald*, 848 F.3d 262, 270 (4th Cir. 2017). In a factual challenge, such as here, "the defendant argues that the jurisdictional allegations of the complaint are not true, providing the trial court the discretion to go beyond the allegations of the complaint and in an evidentiary hearing determine if there are facts to support the jurisdictional allegations." *Id.* (cleaned up). In a factual challenge, "the presumption of truthfulness normally accorded a complaint's allegations does not apply." *Id.* (internal quotation marks omitted).

Tee Feral asserts that § 1359 is inapplicable once it is established that diversity exists. However, when applying § 1359, courts seek to determine whether the parties' diversity was improperly or collusively made or joined. *See Toste Farm Corp. v. Hadbury, Inc.*, 70 F.3d 640, 642-43 (1st Cir. 1995). Therefore, § 1359 assumes that the parties to a case are diverse, at least on paper. *See Nat'l Fitness Holdings, Inc. v. Grand View Corp. Ctr., LLC*, 749 F.3d 1202, 1203-04 (10th Cir. 2014) (noting that parties were facially diverse). Alternatively, Tee Feral contends that if we were to assume that Wallace changed his domiciliary to Florida, then CPM—an entity for which Wallace was also the sole member—was also a Florida domiciliary. Therefore, Tee Feral argues, its formation and merger with CPM is irrelevant to the inquiry, because CPM could have brought the claims itself. However, Wallace clearly believed that Tee Feral's existence was necessary to bring the instant claims in federal court based on his formation of the company and its subsequent merger with CPM. "Such manufacture of federal jurisdiction was the very thing which

4

Congress intended to prevent when it enacted § 1359 and its predecessors." *Kramer*, 394 U.S. at 829.

Moreover, we have reviewed the record and conclude that the district court's § 1359 analysis was sound. Tee Feral was formed after CPM obtained numerous unfavorable verdicts when litigating against Defendants in state courts for over a decade. Tee Feral's formation and the initiation of the instant case appear extremely suspicious. Therefore, the district court did not err in dismissing for lack of subject matter jurisdiction. However, because a dismissal for lack of subject matter jurisdiction must be without prejudice, *see S. Walk at Broadlands Homeowner's Ass'n., Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 185 (4th Cir. 2013) (noting when a court lacks subject matter jurisdiction, dismissal must be without prejudice because court lacks authority to adjudicate the claims), we affirm the dismissal of Tee Feral's claims as modified to reflect that dismissal was without prejudice.

Turning next to the district court's award of attorney's fees, we "review a district court's grant of [attorney's] fees for abuse of discretion, but review legal determinations de novo." *Legacy Data Access, Inc. v. Cadrillion, LLC*, 889 F.3d 158, 168 (4th Cir. 2018). Our review of an attorney's fees award is extremely deferential, however, and we will thus "only reverse such an award if the district court is clearly wrong or has committed an error of law." *Jones v. Southpeak Interactive Corp. of Del.*, 777 F.3d 658, 675 (4th Cir. 2015) (internal quotation marks omitted). As we have explained, our review of an attorney's fees award is circumscribed because "we recognize that our review of the record, no matter how careful, cannot substitute for the district court's close and intimate knowledge of the efforts

expended and the value of the services rendered." *Id.* (internal quotation marks omitted). Tee Feral asserts that it acted in good faith in this matter, because it acted under the belief that a change of domicile was all that was necessary, regardless of motive. But if Tee Feral believed that a change of domicile was all that was necessary, CPM would have brought the suit. However, CPM merged into Tee Feral, and Tee Feral brought the instant case. Therefore, Wallace did not, as Tee Feral contends, solely change his domicile to bring a federal lawsuit through CPM. He changed his domicile, formed Tee Feral, merged it with CPM, and then brought a lawsuit. Tee Feral has thus failed to demonstrate that it acted in good faith, and, therefore, we conclude that the district court did not abuse its discretion.

Finally, Tee Feral asserts that Wallace should not have been held jointly and severally liable for attorney's fees. Because Tee Feral did not file a notice of appeal from the court's order setting the award of attorney's fees, we lack jurisdiction to consider this argument. *See* Fed. R. App. P. 4(a)(1)(A); *Hudson v. Pittsylvania Cnty.*, 774 F.3d 231, 236 (4th Cir. 2014).

Accordingly, we affirm the district court's orders. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED AS MODIFIED*

6